# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11150
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
May 3, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

URI MARGARITO MORALES-CATARINO,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:18-CR-16-1

Before DENNIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Uri Margarito Morales-Catarino was convicted of illegal reentry after deportation and was sentenced above the guidelines range to 20 months of imprisonment, to be followed by one year of supervised release. He appeals, challenging the substantive reasonableness of his sentence. Morales-Catarino argues that his sentence is greater than necessary to satisfy the sentencing goals set forth in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-11150

In reviewing a non-guidelines sentence for substantive reasonableness, we consider "the totality of the circumstances, including the extent of any variance from the Guidelines range, to determine whether as a matter of substance, the sentencing factors in section 3553(a) support the sentence." *United States v. Gerezano-Rosales*, 692 F.3d 393, 400 (5th Cir. 2012) (internal quotation marks and citation omitted). In articulating its reasons for the sentence imposed, the district court noted that Morales-Catarino had been removed from the United States on at least two occasions and had engaged in criminal conduct each time he illegally reentered. The district court's decision to vary above the advisory guidelines range was based on permissible factors that advanced the objectives set forth in § 3553(a). *See United States v. Brantley*, 537 F.3d 347, 350 (5th Cir. 2008); *United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006). Additionally, Morales-Catarino's argument that illegal reentry is not a serious offense is unavailing. *See United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

Although the 20-month sentence is more than twice the eight months at the top of the applicable guidelines range, we have upheld much greater variances. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010); *Brantley*, 537 F.3d at 348-50. Based on the totality of the circumstances, including the significant deference that is due to a district court's consideration of the § 3553(a) factors, the sentence imposed was not substantively unreasonable. *See Gerezano-Rosales*, 692 F.3d at 400-01.

The judgment of the district court is AFFIRMED.